# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| STEVEN WENZEL, on behalf of himself and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                  Defendant. | Civil Action No.<br><br>(The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 22-CA-007502) |

## NOTICE OF REMOVAL

Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant"), hereby removes the above-entitled action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1446, 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Samsung states as follows:

1

## I. INTRODUCTION

1. On September 4, 2022, Plaintiff Steven Wenzel ("Wenzel" or "Plaintiff") filed this lawsuit in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled as *Steven Wenzel v. Samsung Electronics America, Inc.*, Case No. 22-CA-007502 (the "State Action"). Plaintiff served the State Action Complaint ("SAC") on Samsung on September 14, 2022. The SAC asserts three claims for: (1) negligence; (2) negligence per se; and (3) declaratory and injunctive relief. Each of Plaintiff's claims arises out of a data security incident that Samsung announced on September 2, 2022 (the "Security Incident").

2. On behalf of himself and the putative class, Plaintiff seeks, among other things, actual damages, punitive damages, statutory damages, injunctive relief, and attorneys' fees. SAC at 25.

3. As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II. SAMSUNG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based." As stated above, Plaintiff served the SAC on Samsung on September 14, 2022. Thus, Samsung's Notice of Removal is timely because it is filed within 30 days of that date. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5. Venue lies in the United States District Court for the Middle District of Florida because Plaintiff filed the State Action in this District. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), a copy of all process, pleadings, and orders served on Samsung, as well as copies of each paper docketed in the state court, are concurrently filed and attached here to as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

8. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

9. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same liberal pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Samsung easily meets that standard.

10. As set forth below, this is a putative class action in which, as alleged: (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have a different citizenship than Samsung; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action is a "Class Action" Under CAFA

11. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 26 U.S.C. § 1332(d)(1)(B).

12. Here, the SAC is styled as a "Class Action Complaint" (SAC at 1); Plaintiff specifically alleges that he is bringing the State Action on behalf of himself and a putative nationwide class of consumers allegedly affected by the Security Incident (*Id.* ¶ 9); he contends that a class action in this case would be "superior to any other available means for the fair and efficient adjudication of the controversy" (*Id.* ¶ 59); and he seeks an order certifying this action as a class action pursuant to Florida Rules of Civil Procedure, designating Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class (*Id.* at 25). Actions seeking class treatment in this manner are "class actions" under CAFA. *See MRI Assocs. of St. Pete v. Direct Gen. Ins. Co.*, 2013 WL 12155943, at *4 n.9 (M.D. Fla. June 17, 2013) (finding that a "class action" for purposes of CAFA "includes any action filed under Rule 23, Federal Rules of Civil Procedure, or similar state statute or rule of judicial procedure that authorizes one or more representative persons to bring a class action, such as Rule 1.220, Florida Rules of Civil Procedure") (citing 28 U.S.C. § 1332(d)(1)(B)).

### B. The Putative Class Consists of More than 100 Members

13. Plaintiff seeks to represent a nationwide class defined as: "All residents of the United States whose Personal Information was contained in the publicly-accessible database and compromised as a result of the Data Breach." SAC ¶ 54.

14. The putative class consists of more than 100 individuals. Indeed, Plaintiff alleges that the putative class is comprised of "[a]ll residents of the United States" who were allegedly affected by the Security Incident. *Id*. Moreover, Plaintiff bases his claims on a notice Samsung sent to customers potentially impacted by the Security Incident. *Id.* ¶ 18. Samsung avers that it sent such notices to more than 10 million individuals nationwide. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Exists

15. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Wiand v. Stoel Rives LLP*, 2016 WL 8931304, at *2 (M.D. Fla. Dec. 27, 2016).

16. Under CAFA, minimal diversity exists if any member of the proposed class is a citizen of a State other than New York or New Jersey. 28 U.S.C. §

1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 571 U.S. at 165; *Wiand*, 2016 WL 8931304, at *2. CAFA's minimal diversity requirement is readily satisfied here.

17. Samsung avers that it is a New York corporation that has its principal place of business in New Jersey. Samsung, therefore, is a citizen of both New York and New Jersey for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010); 28 U.S.C. § 1332(c)(1).

18. Samsung further avers that Plaintiff is a Florida citizen, thereby making him diverse from Samsung. Indeed, Plaintiff claims he "is a resident of Hillsborough County, Florida." SAC ¶ 15. Accordingly, at least one member of the proposed class is a citizen of a State other than New York or New Jersey. Minimal diversity exists.

### D. The Amount-in-Controversy Requirement is Satisfied

19. To establish CAFA's amount-in-controversy requirement, Samsung "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 574 U.S. at 89.

20. Although Samsung denies Plaintiff or any putative class member suffered any cognizable injury as a result of the Security Incident, Plaintiff asserts causes of action for, among other things, negligence and negligence per se. SAC ¶¶ 62–96. In connection with these causes of action, Plaintiff seeks damages for the "costs for credit monitoring services" and "purchasing credit monitoring and identity theft protection services" on behalf of a nationwide class consisting of "[a]ll

residents of the United States" who were allegedly affected by the Security Incident. *Id.* ¶¶ 52, 54. Given the average cost per person for credit monitoring and identity theft protection services exceeds $5 annually,[1] the amount in controversy plainly exceeds $5 million. And that does not even include the other compensatory damages alleged by Plaintiff. *See id.* ¶ 52 (listing, among other things, injury flowing from potential fraud and identity theft, loss of privacy, and out-of-pocket expenses). Nor does it include the punitive damages, statutory damages, restitution, and attorneys' fees also sought by Plaintiff. *Id.* at 25. By all counts, CAFA's $5 million amount-in-controversy requirement is satisfied.

## IV.   CONCLUSION

WHEREFORE, Samsung respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

---

[1] *See* Jeff Kinney & Kristen Hampshire, Best Identity Theft Protection Services of 2022, US News & World Report (Sept. 16, 2022 (9:00 AM)), https://www.usnews.com/360-reviews/privacy/identity-theft-protection (noting that the cost of recommended identity theft protection services ranges from $9.99 to $50 a month).

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: October 10, 2022 | */s/ John J. Delionado*<br>John J. Delionado<br>Florida Bar No. 0499900<br>HUNTON ANDREWS KURTH LLP<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2400<br>Miami, FL 33131<br>T: (305) 810-2500<br>jdelionado@huntonak.com<br><br>*Attorney for Defendant Samsung Electronics America, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2022, I caused a copy of the foregoing to be served by e-mail and first class U.S. Mail, postage prepaid, on counsel for Plaintiff:

Brandon J. Hill
Luis A Cabassa
Amanda E. Heystek
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
T: (813) 224-0431
F: (813) 229-8712
bhill@wfclaw.com
lcabassa@wfclaw.com
gnichols@wfclaw.com

Dated: October 10, 2022         */s/ John J. Delionado*
                                Attorney for Defendant